UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TITAN INSURANCE COMPANY,

      Plaintiff,

v.                                                              Case No. 1:15-CV-521

UNITED STATES OF AMERICA,                    HON. GORDON J. QUIST

      Defendant.
_____/

**OPINION**

This case arises from an accident involving a snowmobile and a federally owned vehicle. Because the driver of the snowmobile was uninsured, his claim was assigned to Plaintiff, Titan Insurance Company. Apparently seeking a way to shift liability to a different insurer, Plaintiff filed a complaint in state court against Roni Etheridge, the federal employee who was operating the vehicle involved in the accident. Plaintiff sought a declaratory judgment forcing Etheridge to disclose the name of her personal insurance company. The United States subsequently certified that Etheridge was a federal employee acting within the scope of her employment, substituted itself for Etheridge, removed the case to this Court, and moved to dismiss it. Because Plaintiff has failed to state a claim for relief, the Court will dismiss the action

*Background*

On February 9, 2014, Nathan Moore was driving a snowmobile in the Huron Manistee National Forest. (Dkt. #1-1 at Page ID#8, ¶¶ 4-5.) Moore lost control of the snowmobile and struck a federally owned vehicle operated by Etheridge. (*Id.*) Because Moore did not have insurance of his own, he sought benefits through the Michigan Assigned Claims Plan, which assigned the claim

to Plaintiff. (*Id.* at Page ID#9, ¶ 13.) Plaintiff is deemed to be an insurer of last resort. (*Id.* at ¶ 14.)

At some point, Plaintiff learned that Etheridge owned a vehicle registered in her name at her primary address. (*Id.* at ¶ 13.) After Etheridge refused Plaintiff's request to disclose the insurer of her vehicle, Plaintiff filed an action against Etheridge in state court seeking a declaratory judgment ordering Etheridge to disclose the name of the insurer of any vehicle she owned. (*Id.* at Page ID##9-10.) Plaintiff's complaint did not allege that Etheridge had any legal obligation to Plaintiff, but simply stated that "without the Court's power to provide declaratory relief," Plaintiff would be without a remedy because it could not seek benefits from Etheridge's insurer. (Dkt. #1-1 at Page ID#9.)

Thereafter, the United States Attorney for the Western District of Michigan signed a certification pursuant to 28 U.S.C. § 2679(d)(1) stating that Etheridge was acting within the scope of her duties as a federal law enforcement officer at the time of the accident. (Dkt. #1-2 at Page ID#12-13, ¶ 4.) The Government subsequently removed the case to this Court, asserting jurisdiction under 28 U.S.C. § 1442(a)(1), known as the federal officer removal statute, as well as 28 U.S.C. § 2679(d)(2) and § 1441. (Dkt. #1 at Page ID#2, ¶ 5.) The Court then entered an Order substituting the United States as the Defendant. (Dkt. #10.)

*Discussion*

Defendant argues that it is immune from suit and that the Court lacks subject matter jurisdiction. Because the Court is without power to rule on the merits of Plaintiff's claim if it lacks jurisdiction, it will address that issue first.

The case was removed from state court pursuant to the federal officer removal statute, 28 U.S.C. 1442(a). The Supreme Court has explained that the federal officer removal statute is a "pure jurisdictional statute" that grants federal district courts authority over cases in which a federal officer

2

is a defendant. *See Mesa v. California*, 489 U.S. 121, 136, 109 S. Ct. 959, 968 (1989). The statute does not "independently support Art. III 'arising under' jurisdiction," but rather "serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged." *Id.* In other words, under the federal officer removal statute, federal jurisdiction is proper so long as there is a federal defense asserted. Because Defendant has asserted a federal defense in this case—namely, sovereign immunity—there is federal question jurisdiction.

Moving to the question of immunity, Plaintiff argues that Defendant is not immune because there is no tort at issue. Plaintiff stresses that Etheridge is not liable for the accident, and that it seeks to recover nothing from Etheridge (or the Government) except the name of Etheridge's insurer. Plaintiff argues that because it is not seeking to hold Etheridge liable for a tort, the issue of immunity does not come into play.

Accepting Plaintiff's characterization of its complaint, it fails to state a claim for relief in the most basic sense. Plaintiff asserts that it cannot recover the information it seeks without court intervention, but never even suggests why it is legally entitled to such information. Plaintiff has not alleged that Etheridge violated the law or breached a legal duty. Rather, Plaintiff simply asserts that Etheridge has information that Plaintiff wants, that she refuses to give it up, and that the Court must therefore step in—all without providing a legal basis for forcing Etheridge to provide such information.

Plaintiff's failure to assert that Etheridge has violated any legal duty appears to be an attempt to evade the barriers of sovereign immunity. *See Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010) ("Sovereign immunity prevents suit against the United States without its consent."). If Plaintiff alleged that Etheridge violated the law or breached a duty, the suit would likely be barred by sovereign immunity. *See id.* at 548 (concluding that the United States' waiver of sovereign

3

immunity does "not extend to claims grounded in strict liability"). Thus, Plaintiff is careful to point out that it is not asserting that Etheridge is liable in any way. What it does not explain, however, is how Etheridge can be forced to take action if she did not run afoul of the law or breach a duty.

Plaintiff has failed to state any legal basis for its claim that Etheridge should be forced to disclose the name of her insurer. Accordingly, the Court will deny Plaintiff's request for a declaratory judgment, and dismiss this action.

An order consistent with this Opinion will follow.


Dated: September 11, 2015                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE